Jeff Dominic Price JDP PC | SBN 165534
730 Arizona Avenue, Suite 200
Santa Monica, California 90401
jdp@jdpfirm.com
310.451.2222

Attorney for the Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| ESTATE OF LUKE M. LADUCER, by and through the Executor, DIANA DECOTEAU et al.,<br><br>Plaintiff,<br><br>vs.<br><br>ESSENTIA HEALTH et al.,<br><br>Defendants. | No. 3:22-cv-00208-PDW-ARS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER ANSWERS TO INTERROGATORIES AND FURTHER RESPONSES TO REQUESTS FOR PRODUCTION AND FOR IMPOSITION OF SANCTIONS. Fed. R. Civ. P. 37. |

1 — Memorandum of Points and Authorities in support of Motion to compel further responses to discovery requests

# Memorandum of Points and Authorities

## I. Introduction

On December 18, 2020, at 2:23 a.m. Luke Laducer called 911 from his residence in Fargo, North Dakota. and reported to the Fargo Police Department that he was suicidal. FPD units were dispatched to Mr. Laducer's residence within two minutes and two units responded to Mr. Laducer's residence. The officers arrived at the residence about six minutes after the initial 911 call and contacted Mr. Laducer, who was inside his apartment. Mr. Laducer was exhibiting signs of being intoxicated, including slurred speech, poor balance and a strong odor of alcoholic beverage on his breath. He informed the officers that he had drunk two half-gallons of vodka and that he wanted to "go into the river" to kill himself and he consented to being transported to Essentia Health. At approximately 2:41 a.m. the FPD officers transporting Mr. Laducer to the hospital, Essentia Health, arriving there at about 2:47 a.m. While en route to Essentia Health Mr. Laducer made moaning and coughing sounds. At Essentia Health Mr. Laducer was seen by a triage nurse, Defendant Nathanial Swanson, R.N., and by the attending physician, Defendant Kurt Kaczander, D.O. Defendant Swanson was employed by Innovis Health, LLC, a subsidiary of Essentia Health, and Essentia Health completed the integration of Innovis Health into Essentia Health in 2010. Defendant Swanson was acting within the scope of his employment at all material times. Defendant Kaczander was an agent of Essentia Health acting within the scope of his authority at all material times. The FPD officers advised Defendant Swanson of Mr. Laducer's suicidal comments and of the excess of alcohol in his system. Mr. Laducer informed hospital staff that he had drunk "two 1.75s."

Mr. Laducer was at Essentia Health from approximately 2:50 a.m. to 3:02 a.m., when the FPD call log reports that he was enroute to jail. At 2:56 a.m. Defendant Kaczander cleared Mr. Laducer to be transported to jail. Charting was complete at 3:01 a.m. In his chart notes Defendant Kaczander referred to Mr. Laducer as a "well known alcoholic." Defendant Kaczander did not obtain or conduct a review of systems with Mr. Laducer (i.e., he did not take any history from Mr. Laducer) because, he wrote, he was unable to interview Mr. Laducer "because the patient is

intoxicated." Defendant Kaczander did not measure Mr. Laducer's BAC (breath alcohol content) and did not know Mr. Laducer's BAC before sending him off to jail. Despite his failure to obtain any history from Mr. Laducer, his failure to review Mr. Laducer's medical records and his failure to determine Mr. Laducer's level of intoxication, Defendant Kaczander signed a medical clearance form clearing Mr. Laducer to be taken to jail at 2:56 a.m. FPD officers informed Defendant Swanson that Mr. Laducer was suicidal but Swanson wrote in the chart notes that there was "no risk." The FPD officers informed Swanson that Mr. Laducer drank two half-gallons of vodka, but Swanson wrote in the chart notes that Mr. Laducer drank "a 1.75 of Vodka." It is unclear from the chart notes where Swanson obtained the vital signs readings for Mr. Laducer or if he actually obtained them, as the times reflected on the chart notes postdate the time — 3:02 a.m. — when Mr. Laducer had already left the hospital and was being transported to jail.

Mr. Laducer arrived at Cass County Jail at 3:08 a.m. At 3:10 a.m. Mr. Laducer entered the booking vestibule of the Cass County Jail. At the jail Mr. Laducer's BAC was measured at 0.354. At 3:15 a.m. Mr. Laducer entered cell #109, where he remained until his death. The videorecordings showing Cell 109 from 4:00 a.m. – 2:00 p.m., a span of 10 hours, have been destroyed by Cass County. On December 18, 2020, Special Agent Dan Heibreder of the North Dakota Bureau of Criminal Investigation requested that the Cass County Sheriff's Office provide video footage showing booking cell #109 from 2:00 p.m. to 10:00 p.m. This video footage was provided and has been preserved. It is marked CC-000252—CC-000261. The Cass County Sheriff's Office failed to preserve the rest of the video footage. The video footage that was preserved shows that Cass County deputies performed cell checks at least every 30 minutes. However, the evidence shows that the Cass County Sheriff's Office never conducted a medical intake screening of Mr. Laducer, in violation of CCSO written policy. The evidence also shows that Defendant Conrad Binsfeld, R.N., never examined or even monitored Mr. Laducer. Defendant Binsfeld was present at approximately 11:30 a.m. on December 18, 2020, when Mr. Laducer's BAC was measured at 0.175. Defendant Binsfeld failed to conduct a medical intake screening of Mr. Laducer because, according to Defendant Binsfeld, Mr. Laducer's BAC was over 0.15.

At 5:15 p.m. Deputy Samantha Vigstol approached cell #109; she then quickly left the cell and spoke with Corporal Samantha Fetting. At 5:16 the door to cell #109 was opened and the Cass County custody staff commenced lifesaving measures. Mr. Laducer was on the floor and the cell was filled with blood, coffee-ground emesis and feces. Mr. Laducer never regained consciousness. According to the autopsy Mr. Laducer died of Diffuse hemorrhagic gastritis and colitis, which indicates that Mr. Laducer bled to death. His death was easily avoidable.

This case was filed on December 2, 2022. The Essentia Health defendants filed an Answer on December 29, 2022. ECF No. 19. On February 22, 2023, the Court entered a Scheduling Order. ECF No. 35. The fact discovery cutoff is February 29, 2024. The dispositive motion cutoff is April 12, 2024. The Final Pretrial Conference is set for October 15, 2024, at 2:00 p.m. Trial is set for October 29, 2024, at 9:30 a.m.

II.     Fed. R. Civ. P. 37

Fed. R. Civ. P. 37 ("Rule 37") "provides generally for sanctions against parties or persons unjustifiably resisting discovery." Advisory Committee Note to 1970 amendments to Rule 37, 48 F.R.D. at 538. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Rule 37(a)(4).

As the moving party Plaintiffs have the burden to establish that their requests come within the scope of Rule 26(b)(1) of the Federal Rules of Civil Procedure. *Pyle v. A.H. Bennett Company*, --- F.Supp. ---, 2023 WL 6887212 (D.N.D. 2023), citing *Rychner v. Cont'l Resources, Inc.*, No. 1:19-cv-00071, 2021 WL 2211110, at •2 (D.N.D. June 1, 2021) (stating the proponent must make a threshold showing of relevance). Rule 26(b)(1) defines the scope of permissible discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

4 —   Memorandum of Points and Authorities in support of Motion to compel further
        responses to discovery requests

"The scope of discovery under Rule 26(b) is extremely broad." *Rychner,* 2021 WL 2211110 at *2, quoting *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 508 (D.S.D. 2015). "The reason for the broad scope of discovery is that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession.'" *Rychner,* 2021 WL 2211110 at *2 (citations omitted).

After the proponent makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *Jo Ann Howard & Assocs., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014) (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992), and *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000)). "The party must demonstrate that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosures." *Id*. (quoted case omitted). Relevancy in this context "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case." *Jo Ann Howard & Assocs., P.C.*, 303 F.R.D. at 542 (citation and quotation omitted); *Klein v. Affiliated Grp., Inc.*, No. 18-CV-949 DWF/ECW, 2019 WL 1307884, at *2 (D. Minn. Mar. 22, 2019).

During the November 30, 2023, status conference the Essentia Defendants asserted that some or all of the interrogatories are contention interrogatories and that they should not have to answer them until after discovery is closed. The Essentia Defendants waived this objection. This objection was never made in writing in any of the responses to the interrogatories. This objection was never raised in the November 21, 2023, conference. This objection was never raised in the Essentia Defendants' November 29, 2023, position paper. This objection also lacks merit. The close of discovery is February 29, 2024. Discovery motions must be filed no later than March 14, 2024. Thus, oppositions to discovery motions are due March 28, 2023, and replies are due April 4, 2024. The deadline for the filing of dispositive motions is April 12, 2024. There would be no time

5 — Memorandum of Points and Authorities in support of Motion to compel further responses to discovery requests

to propound discovery before the dispositive motion deadline. Additionally, at no time before the scheduling conference or in the joint scheduling report did the Essentia Defendants request that contention interrogatories be subject to special deadlines. Thus, this objection should be summarily overruled.

III.      Essentia Health answers to interrogatories, Set 1

On April 17, 2023, Plaintiff propounded the following interrogatories in Interrogatories to Defendant Essentia Health, Set 1:

INTERROGATORY NO. 1.:

State all material facts that you contend support your fourth Affirmative Defense found at ¶ 167 of your Answer, ECF No. 19, and identify all documents you contend support your Affirmative Defense and all witnesses you contend have knowledge of those facts.

INTERROGATORY NO. 2.:

State all material facts that you contend support your fifth Affirmative Defense found at ¶ 168 of your Answer, ECF No. 19, and identify all documents you contend support your Affirmative Defense and all witnesses you contend have knowledge of those facts.

INTERROGATORY NO. 3.:

State all material facts that you contend support your eighth Affirmative Defense found at ¶ 171 of your Answer, ECF No. 19, and identify all documents you contend support your Affirmative Defense and all witnesses you contend have knowledge of those facts.

INTERROGATORY NO. 4.:

State all principal facts that you contend support your ninth Affirmative Defense found at ¶ 172 of your Answer, ECF No. 19, and identify all documents you contend support your Affirmative Defense and all witnesses you contend have knowledge of those facts.

*See* Exh. EH-A.1, attached to the Declaration of Jeff Dominic Price ("JDP Decl."), filed concurrently.

The four interrogatories request that Essentia Health state all material facts (or, in Interrogatory No. 4, all principal facts) that Essentia Health contends support affirmative defenses

that it has pleaded in its Answer, ECF No. 19, and, specifically, those found at ¶¶ 167 (third party culpability/superseding/intervening cause), 168 (third party culpability/intervening cause), 171 (Essentia Health is not a state actor) and 172 (Qualified Immunity). ECF No. 19. The facts that the defendant contends support the defendant's claimed affirmative defenses to the claims asserted against the defendant are relevant. This information is relevant to further discovery, it is relevant to dispositive motions and it is relevant at trial.

Essentia Health responded with boilerplate objections and provided no information in response to any of these interrogatories.

Defendant Essentia Health asserts five types of objections in response to interrogatories: (a) Work Product doctrine/Attorney-Client Privilege/Information Created in Anticipation of Litigation; (b) Overbroad and Unduly Burdensome; (c) Asks Defendant to Plead and Prove an Entire Defense; (d) Attempts to Shift the Burden of Proof to Defendant; and (e) Asks for a Legal Conclusion.

A. Work Product, Attorney-Client Privilege and Anticipation of Litigation

Defendant Essentia Health objected to each of the four interrogatories on the grounds that "it seeks information protected by the work product doctrine, information subject to the attorney-client privilege, and information created in anticipation of litigation." Exhibits EH-A.1 and EH-A.2, attached to the JDP Decl.

Fed. R. Civ. P. 33 provides, in pertinent part, as follows: **(4) Objections**. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4).

The work product doctrine is governed by federal law, as codified in Federal Rule of Civil Procedure 26(b)(3). *See Hanna v. Plumer*, 380 U.S. 460, 473 (1965). Rule 26(b)(3) protects two types of work product — ordinary work product and opinion work product. Ordinary work product "includes raw factual information" gathered in anticipation of litigation. *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). Ordinary work product is discoverable only upon a showing of "substantial need for the materials" and inability to obtain a substantial

7 — Memorandum of Points and Authorities in support of Motion to compel further responses to discovery requests

equivalent without "undue hardship." Fed. R. Civ. Pro. 26(b)(3). Opinion work product is defined as the "mental impressions, conclusions, opinions, or legal theories of a party's attorney." *Id*. Opinion work product "enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Baker*, 209 F.3d at 1054.

The test for whether a document was prepared in anticipation of litigation is whether "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 604 (8th Cir. 1977). But, even if litigation is a prospect, "there is no work product immunity for documents prepared in the regular course of business rather than for purposes of the litigation." *Id*. And attorney involvement in an investigation is not necessarily sufficient by itself to protect an entire investigation under the work product doctrine. *Id*. at 603-04; *Nodak Mut. Ins. Co. v. Case New Holland, LLC*, No. 3:14-cv-00086, 2015 WL 11438181 (D.N.D. June 16, 2015). *See Kraft v. Essentia Health*, No. 3:20-CV-00121, 2023 WL 3893528, at *22–23 (D.N.D. Jan. 13, 2023).

According to Fed. R. Evid. 501, federal common law determines the scope of the attorney-client privilege in this § 1983 action. *See State v. United States*, 2022 WL 21456614 at *2 (D.N.D. July 8, 2022). The attorney-client privilege protects "confidential communications between a client and her attorney made for the purpose of facilitating the rendition of legal services to the client." *United States v. Yielding*, 657 F.3d 688, 707 (8th Cir. 2011). In other words, the privilege protects both "the giving of professional advice to those who can act on it" and "the clients giving of information to the lawyer to enable [the lawyer] to give sound and informed service." *Corkrean v. Drake Univ.*, 2022 WL 18632, at *2 (S.D. Iowa Jan. 3. 2022) (quoting Upjohn Co. v. United States, 449 U.S. 383, 386 (1981)). For a communication to be protected, it must be (1) between an attorney and client, (2) confidential, and (3) for the purposes of obtaining legal services or advice. *See Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15-CV-3183 (ADM/LIB), 2017 WL 9325027, at *4 (D. Minn. May 5, 2017); *see also Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir.1977).

Voluntary disclosure of the confidential communication to either an opposing or third party expressly waives the privilege. *United States v. Workman,* 138 F.3d 1261, 1263 (8th Cir.1998). The scope of an express waiver is not limited to the communication disclosed but applies to "other communications relating to the same subject matter." *John Morrell & Co. v. Local Union 304A of United Food & Commercial Workers, AFL—CIO & CLC,* 913 F.2d 544, 556 (8th Cir.1990); *see also Engineered Prods. Co. v. Donaldson Co.,* 313 F.Supp.2d 951, 1020 (N.D. Iowa 2004). *See Pucket v. Hot Springs Sch. Dist. No. 23-2*, 239 F.R.D. 572, 579–80, 2006 WL 3861001 (D.S.D. 2006).

The party who claims the benefit of the work product doctrine and resisting discovery has the burden of establishing the existence of the privilege. *Wagner v. Dryvit Systems, Inc.,* 208 F.R.D. 606, 611 (D. Neb. 2001); *Duffy v. Dier*, 465 F.2d 416 (8th Cir. 1972). Essentia Health has produced no evidence to support the assertion of the work product doctrine privilege it asserted in response to Interrogatory Nos. 1-4.

The party who claims the benefit of the attorney-client privilege has the burden of establishing the right to invoke its protection. *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 609 (8th Cir. 1978) (en banc). Essentia Health has produced no evidence to support the assertion of the attorney-client privilege it asserted in response to Interrogatory Nos. 1-4. These objections are general objections that violate Rules 26 and 33 and should be overruled. The fact that the parties agreed that communications between the parties and their legal counsel need not be logged does not mean that the defendants do not have to produce a privilege log. First, the Scheduling Order, ECF No. 35, does not contravene Rule 26. Second, the Scheduling Order provision pertaining to privilege logs pertains only to "documents"; it does not cover communications of the type at issue here. Additionally, there are facts that the defendants contend support their affirmative defenses that are outside the ambit of any communications between the defendant and their counsel. Counsel cannot evade stating the facts that they contend support the affirmative defenses that they assert by discussing matters with defendant and thereafter asserting that the

matters are privileged; if this were permissible discovery would cease. This is not in line with the Federal Rules of Civil Procedure or Fed. R. Civ. P. 1. Thus, these facts must be provided.

### B. Overbroad and unduly burdensome

Defendant Essentia Health objected to each of Interrogatory Nos. 1-4 "on the basis that it is overbroad [and] unduly burdensome." Exhibits EH-A.1 and EH-A.2, attached to the JDP Decl.

Fed. R. Civ. P. 33 provides, in pertinent part, as follows: **(4) Objections**. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4).

The Eighth Circuit Court of Appeals has explained that Rule 26(b)(1) does not give any party "the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case," because "[l]itgation in general and discovery in particular . . . are not one sided." *Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014). Nor is discovery "limited to material that might be deemed relevant and admissible at trial," because it "is a[n] investigatory tool intended to help litigants gain an understanding of the key persons, relationships, and evidence in a case and, as this case well illustrates, the veracity of those persons and purported evidence, even if the evidence discovered is later deemed not admissible." *Id.* at 926. Furthermore, a party is wrong to suppose "that the concepts of materiality, relevancy, and discoverability are fixed rather than fluid such that parties cannot change their views of the necessity of certain information or their theories of the case during the course of discovery as new facts and relationships are revealed or explained." *Id.*

In *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018), the Eighth Circuit Court of Appeals held that a party claiming requests are unduly burdensome "must provide some evidence regarding the time or expense required," determining it insufficient to rely only on conclusory allegations that a request is burdensome. In *Kirschenman v. Auto-Owners Ins.*, 280 F.R.D. 474 (D.S.D. 2012), the court explained that determining whether a burden is undue requires the court to consider whether the request "outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the

10 — Memorandum of Points and Authorities in support of Motion to compel further
responses to discovery requests

litigation, and the importance of the proposed discovery in resolving the issues." *Id.* at 488; *see also* 8B Fed. Prac. & Proc. Civ. § 2174 (3d ed.) (when a party objects to an interrogatory on the grounds of burdensomeness the burden is on the objecting party to show that the information sought is not reasonably available to it); *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008) ("[B]oilerplate objections that a request for discovery is 'overboard and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible in evidence' . . . persist despite a litany of decisions from courts, including this one, that such objections are improper unless based on particularized facts." (citations omitted); *Jackson v. Union Pacific Railroad Co.*, 2020 WL 11025591 (S.D. Iowa March 18, 2020) (objections on the basis of "legal conclusion, vagueness, breadth, burden, [and] proportionality" overruled as "without merit or unsupported"); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable); *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir.1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why discovery is objectionable); *Burns v. Imagine Films Entertainment, Inc.,* 164 F.R.D. 589, 592–93 (W.D.N.Y. 1996) (general objections that discovery request was overbroad, vague and unduly burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper).

   Defendants are required to answer interrogatories that request identification of facts that defendants contend support affirmative defenses. *Moses v. Halstead*, 234 F.R.D. 667, 674 (D. Kan. 2006). Requiring a defendant to answer a contention interrogatory and to produce documents that support its affirmative defenses is "'consistent with Rule 11 of the Federal Rules of Civil Procedure,'" which requires parties to have some factual basis for their claims and allegations. *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) (citations omitted). The overbroad and burdensomeness objections are general objections lacking specificity and in violation of Rules 26 and 33 and should be overruled.

11 — Memorandum of Points and Authorities in support of Motion to compel further responses to discovery requests

### C. Asks the defendant to plead and prove an entire defense

Defendant Essentia Health objected to each of Interrogatory Nos. 1-4 "on the basis . . . it seeks discovery inconsistent with that permitted by Rules 26 and 33 of the Federal Rules of Civil Procedure because it asks the answering Defendant to plead and prove an entire defense in response to a single interrogatory." Exhibits EH-A.1 and EH-A.2, attached to the JDP Decl. The four interrogatories do not ask Defendant Essentia Health to prove and plead an entire defense. Each of the interrogatories ask the defendant to provide the material facts that it is relying on to support an affirmative defense — a legal claim. This objection is a brazen attempt to recast the interrogatories. Defendants are required to answer interrogatories that request identification of facts that defendants contend support affirmative defenses. *Moses v. Halstead*, 234 F.R.D. 667, 674 (D. Kan. 2006).

### D. Attempts to shift the burden of proof

Defendant Essentia Health objected to each of Interrogatory Nos. 1-4 "on the basis it attempts to shift the buren of proof to the answering Defendant." Exhibits EH-A.1 and EH-A.2, attached to the JDP Decl. None of the interrogatories attempt to shift the burden of proof or shift the burden of proof. Instead, each of the interrogatories ask the defendant to provide facts that it is relying on to support a legal claim. *See Machinery Solutions, Inc. v. Doosan Infracore America Corp.*, 323 F.R.D. 522, 531 n.9 (D.S.C. 2018).

### E. Asks for a legal conclusion

Defendant Essentia Health objected to each of Interrogatory Nos. 1-4 on the basis that it asks for a "legal conclusion." Exhibit EH-A.2, attached to the JDP Decl. None of the interrogatories ask for a legal conclusion. Instead, each of the interrogatories asks the defendant to provide supporting facts related to its legal claim. *See Machinery Solutions, Inc. v. Doosan Infracore America Corp.*, 323 F.R.D. 522, 531 n.8 (D.S.C. 2018). This objection is thus meritless.

## IV. Nathaniel Swanson answers to interrogatories, Set 1, Nos. 3 and 4

Plaintiff served Interrogatories to Defendant Nathaniel Swanson, Set 1, on June 30, 2023, including the following interrogatories:

INTERROGATORY NO. 3.:

State all facts that you contend support your entitlement to qualified immunity from suit under *Harlow v. Fitzgerald,* 457 U.S. 800 (1982) and its progeny (*see e.g.* Answer, ECF No. 27, ¶ 172).

INTERROGATORY NO. 4.:

State all principal facts that you contend support your fourth Affirmative Defense found at ¶ 167 of your Answer, ECF No. 27, and identify all documents you contend support your Affirmative Defense and all witnesses you contend have knowledge of those facts.

Interrogatory No. 4 asks Swanson to state all principal facts that he contends support his fourth affirmative defense — third party causation and superseding and intervening causation.

Swanson responded with meritless objections and provided no information in response to these interrogatories.

Defendant Nathaniel Swanson asserts five types of objections in response to interrogatories: (a) Work Product doctrine/Attorney-Client Privilege/Information Created in Anticipation of Litigation; (b) Overbroad and Unduly Burdensome; (c) Asks Defendant to Plead and Prove an Entire Defense; (d) Attempts to Shift the Burden of Proof to Defendant; and (e) Asks for a Legal Conclusion.

A.  Work Product and Attorney-Client Privilege and Anticipation of Litigation

See Section III.A, above.

B.  Overbroad and unduly burdensome

See Section III.B, above.

C.  Asks the defendant to plead and prove an entire defense

Defendant Nathaniel Swanson objected to each of Interrogatory Nos. 3 and 4 "on the basis it . . . seeks discovery inconsistent with that permitted by Rules 26 and 33 of the Federal Rules of Civil Procedure because it asks the answering Defendant to plead and prove an entire defense in response to a single interrogatory." Exhibits NS.A.1, NS.A.2, and NS.A.3, attached to JDP Decl. The two interrogatories do not ask Defendant Swanson to prove and plead an entire defense. Each

13 — Memorandum of Points and Authorities in support of Motion to compel further responses to discovery requests

of the interrogatories ask the defendant to provide the material facts that he is relying on to support an affirmative defense — a legal claim. This objection is a brazen attempt to recast the interrogatories. Defendants are required to answer interrogatories that request identification of facts that defendants contend support affirmative defenses. *Moses v. Halstead*, 234 F.R.D. 667, 674 (D. Kan. 2006).

### D. Attempts to shift the burden of proof

Defendant Swanson objected to each of Interrogatory Nos. 3 and 4 "on the basis it attempts to shift the buren of proof to the answering Defendant." Exhibits NS.A.1, NS.A.2, and NS.A.3, attached to the JDP Decl. Neither of the interrogatories attempt to shift the burden of proof or shift the burden of proof. Instead, both of the interrogatories ask the defendant to provide facts that he is relying on to support a legal claim. *See Machinery Solutions, Inc. v. Doosan Infracore America Corp.*, 323 F.R.D. 522, 531 n.9 (D.S.C. 2018).

### E. Asks for a legal conclusion

Defendant Swanson objected to each of Interrogatory Nos. 3 and 4 on the basis that it asks for a "legal conclusion." Exhibits NS.A.2 and NS.A.3, attached to the JDP Decl. The interrogatories do not ask for a legal conclusion. Instead, both of the interrogatories asks the defendant to provide supporting facts related to his legal claim. *See Machinery Solutions, Inc. v. Doosan Infracore America Corp.*, 323 F.R.D. 522, 531 n.8 (D.S.C. 2018). This objection is thus meritless.

### V.     Nathaniel Swanson responses to Request for Production ("RFP"), Set 1

Plaintiff served the Request for Production of Documents, Set 1, on June 30, 2023. Defendant Swanson served responses to RFP, Set 1, on July 28, 2023. Exhibit NS-B, attached to JDP Decl.

RFP No. 1 requests as follows:

REQUEST FOR PRODUCTION NO. 1.:

All Documents that you contend support your response to RFA No. 1, served on or about May 8, 2023.

Defendant Swanson's response to RFP No. 1 was:

RESPONSE: Swanson incorporates by reference his objections to Request for Admission No. 1. Without waiving the objections and subject to the General Objections noted above, see medical records from Essentia Health system including Innovis Health, LLC produced as EH000001-000808.

### A. The RFA response

Plaintiff served Requests for Admissions ("RFA"), Set 1 on April 8, 2023. RFA No. 1 states:

REQUEST FOR ADMISSION NO. 1.:

I, Nathaniel Swanson, admit that on December 18, 2020, I was responsible for providing medical clearance for Luke Laducer to be admitted into the Cass County jail.

Defendant Swanson served responses to RFA, Set 1, on May 5, 2023. Defendant Swanson responded as follows to RFA No. 1:

RESPONSE: Swanson objects to this Request as it is vague and confusing to the extent "responsible," "providing medical clearance," and "admitted" are undefined. Without waiving the objections, deny. It is not within Swanson's scope of practice as a Registered Nurse to determine whether a patient is appropriate for discharge. *See* Exhibit NS-C, attached to the JDP Decl.

These boilerplate objections are meritless. The objecting party has the burden to show vagueness or ambiguity. *Swackhammer v. Sprint Corp.*, 225 F.R.D. 658, 662 (D. Kan. 2004). "The responding party should exercise common sense and attribute ordinary definitions to terms in discovery requests." *Bryant v. Armstrong*, 285 F.R.D. 596, 606 (S.D. Cal. 2012).

### B. Swanson's production of the decedent's medical records in response to RFA No. 1 is frivolous

In response to RFA No. 1 Swanson stated: "It is not within Swanson's scope of practice as a Registered Nurse to determine whether a patient is appropriate for discharge." In response to RFP No. 1 Swanson identified the decedent's Essentia Health medical records, EH-000001-000808. These records — decedent's Essentia Health medical records from the period 2016-2020

15 — Memorandum of Points and Authorities in support of Motion to compel further responses to discovery requests

— do not contain the information that is responsive to the request; they do not contain information that defines the scope of practice of a Registered Nurse in the context of this case. Thus, the response is deficient. In the event that Defendant asserts that these documents do contain information that is responsive to this request Plaintiff will request that the Court permit the filing of these documents under seal. Swanson should be ordered to provide all documents that are within his possession, custody or control that are responsive to the request, i.e., all documents that he contends support the response, in which he refers to the scope of practice of a Registered Nurse in this context. As stated in *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633 (D. Minn. 2000):

> "federal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir.1995), citing *Resolution Trust Corp. v. Deloitte & Touche,* 145 F.R.D. 108, 110 (D.Colo.1992); *Weck v. Cross,* 88 F.R.D. 325, 327 (N.D.Ill.1980).
>
> Specifically, control is defined as "the legal right, authority, or ability to obtain upon demand documents in the possession of another." *Florentia Cont. Corp. v. RTC,* No. 92 Civ. 1188, 1993 WL 127187 at *3 (S.D.N.Y. Apr. 22, 1993). In practice, however, other courts "have sometimes interpreted Rule 34 to require production if the party has practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents." *U.S. v. Skeddle,* 176 F.R.D. 258, 261 n. 5 (N.D. Ohio 1997) (citations omitted); citing, *Scott v. Arex,* 124 F.R.D. 39, 41 (D.Conn.1989) ("The word 'control' is to be broadly construed," such that "[a] party controls documents that it has the right, authority, or ability to obtain on demand."); Gary J. Mennitt, *Document Discovery: Possession, Custody or Control,* 214 N.Y.L.J. 214 (Nov. 21, 1995). Therefore, "under Rule 34, 'control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action." *Bank of New York v. Meridien BIAO Bank Tanzania, Ltd.,* 171 F.R.D. 135, 146 (S.D.N.Y.1997), citing, *In re NASDAQ Market–Makers Antitrust Litigation,* 169 F.R.D. 493, 530 (S.D.N.Y.1996), citing *Golden Trade S.r.L. v. Lee Apparel Co.,* 143 F.R.D. 514, 525 (S.D.N.Y.1992); *Scott v. Arex, Inc.,* supra at 41; *M.L.C., Inc. v. North American Philips Corp.,* 109 F.R.D. 134, 136 (S.D.N.Y.1986).

*Prokosch,* 193 F.R.D. at 636.

## VI. Sanctions

Under Fed. R. Civ. P. 37(a)(5) the Court may require the party whose conduct necessitated the filing of a motion under Rule 37 or the attorney advising the conduct that necessitated the filing of a motion under Rule 37, or both, to pay the moving party's reasonable expenses incurred in making the motion.

In *Regenxbio v. Aldevron, LLC*, 2022 WL 5178777 (D.N.D. January 12, 2022), the district court stated:

> The application of Rule 37(b) is left to the district court's discretion, including "the decision to impose a sanction, the nature of the sanction imposed, and the factual basis for the court's decision." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999). However, "the district court's discretion narrows as the severity of the sanction or remedy it elects increases." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). To impose an "extreme sanction," such as entering default against a defendant or dismissing a party's claim, the "strong policy in favor of deciding a case on its merits" demands a showing of egregiousness that justifies depriving the litigant of its chance to be heard. *See Chrysler Corp.*, 186 F.3d at 1020–21. "To justify [such a sanction], Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" *Sentis Gr., Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)). The court is not required to impose "the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances." *Chrysler Corp.*, 186 F.3d at 1022.
>
> A finding of willfulness is not required to impose sanctions less severe than dismissal, default judgment, or striking of pleadings. *See Card Tech. Corp. v. DataCard, Inc.*, 249 F.R.D. 567, 570–71 (D. Minn. 2008) (explaining that for lesser sanctions "it is not a requirement that the party 'willfully' refuse to obey the Court's discovery order"). In determining an appropriate sanction, a court "must balance the goals of enforcing the process of discovery and ensuring adherence to policy aims of discovery with the right of a party to have its case heard on the merits." *Id.* at 571. The court's "'discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue;'" in the court's order. *Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 719 (8th Cir. 2002) (quoting *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992)).
>
> An award of reasonable expenses, including attorney's fees, "to reimburse the opposing party for expenses caused by the failure to cooperate" is the least severe of all the sanctions authorized by Rule 37(b). *Ofoedu v. St. Francis Hosp.*, 234 F.R.D. 26, 33 (D. Conn. 2006). Such sanctions are appropriate where the offending parties' conduct required their opponents to spend their time "'hounding' [them]

for discovery instead of preparing the case." *A.O.A. v. Rennert*, Case No. 4:11 CV 44 CDP, 2018 WL 1251827, at *3 (E.D. Mo. Mar. 12, 2018) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 824 (8th Cir. 2000)). A party or attorney against whom an award of expenses including attorney's fees is sought can avoid sanctions where the conduct was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

*Regenxbio*, 2022 WL 5178777 at *5-6 (quoting *Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, No. 0:17-CV-5009-JRT-KMM, 2020 WL 1910589, at *11-12 (D. Minn. Apr. 20, 2020)).

In this case Defendants Essentia Health and Swanson have had repeated opportunities to cure their failures to cooperate in discovery. They could have cured the deficiencies in their answers and responses after the repeated conferences with Plaintiff's attorney. They could have cured the deficiencies in their answers and responses before the status conference with the Court on November 30, 2023, after seeing Plaintiff's position statement. They could have cured the deficiencies in their answers and responses during the status conference with the Court on November 30, 2023. They could have cured the deficiencies in their answers and responses before this motion was filed. Instead, at every step of the way the defendants doubled down and reiterated and repeated their frivolous and deficient responses and became further entrenched in their refusal to cooperate in discovery without any authority to back it up.

## Conclusion

In responding to Plaintiff's Interrogatories to Defendant Essentia Health, Set 1, Defendant Essentia Health failed to comply with Rules 26 and 33 of the Federal Rules of Civil Procedure. It has provided evasive and incomplete answers to interrogatories and has thus failed to answer the interrogatories and failed to cooperate in discovery. The objections Defendant Essentia Health has asserted are general objections that fail to meet its burden to state objections with specificity, in violation of Rule 33. The assertions of privilege are void. They violate Rule 26 and they fail to include any evidence to support the claimed privileges. Essentia Health should be ordered to provide compliant answers to Plaintiff's interrogatories and to state all material facts it contends support its affirmative defenses, identify all documents it contends support its affirmative defenses, and identify all witnesses it contends have knowledge of those facts.

In responding to Plaintiff's Interrogatories to Defendant Nathaniel Swanson, Set 1, Defendant Swanson failed to comply with Rules 26 and 33 of the Federal Rules of Civil Procedure. He has provided evasive and incomplete answers to interrogatories and has thus failed to answer the interrogatories and failed to cooperate in discovery. The objections Defendant Swanson asserted are general objections that fail to meet his burden to state objections with specificity, in violation of Rule 33. The assertions of privilege are void. They violate Rule 26 and they fail to include any evidence to support the claimed privileges. Defendant Swanson should be ordered to provide compliant answers to Plaintiff's interrogatories and to state all material facts he contends support his affirmative defenses, identify all documents he contends support his affirmative defenses, and identify all witnesses he contends have knowledge of those facts.

Defendant Swanson's objections to Plaintiff's RFP No. 1 are meritless and his response to RFP No. 1 is deficient. Defendant Swanson has provided evasive and incomplete responses and failed to respond to the request for production. Defendant Swanson should be ordered to produce documents that are responsive to RFP No. 1.

Pursuant to Rule 37 the Court should impose monetary sanctions against Defendants Essentia Health and Nathaniel Swanson and their counsel.

DATED: December  8 , 2023                JDP PC, Jeff Dominic Price

                                         By        /s/ Jeff Dominic Price
                                             Jeff Dominic Price, Esq.
                                             Attorney for the Plaintiff

19 — Memorandum of Points and Authorities in support of Motion to compel further responses to discovery requests