Jeff Dominic Price JDP PC  |  SBN 165534
730 Arizona Avenue, Suite 200
Santa Monica, California 90401
jdp@jdpfirm.com
310.451.2222

Attorney for the Plaintiffs

# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| ESTATE OF LUKE M. LADUCER, by and through the Executor, DIANA DECOTEAU et al., <br><br> Plaintiff, <br><br> vs. <br><br> ESSENTIA HEALTH et al., <br><br> Defendants. | No. 3:22-cv-00208-PDW-ARS <br><br> MOTION FOR ORDER DEEMING NORTH DAKOTA CENTURY CODE § 28-01-46 PREEMPTED BY THE FEDERAL RULES OF CIVIL PROCEDURE AND, IN THE ALTERNATIVE, TO DEEM PLAINTIFFS' EXPERT REPORTS TIMELY SERVED; DECLARATION OF JEFF DOMINIC PRICE <br><br> TRIAL DATE:    10/29/2024 |

Motion to deem N.D.C.C. § 28-01-46 preempted by federal law or to deem expert reports timely under N.D.C.C. § 28-01-46

To: The Honorable Alice R. Senechal and to the Defendants and their attorneys of record:

Please take notice that Plaintiffs are requesting an Order finding that North Dakota Century Code § 28-01-46 is preempted by Rule 26 of the Federal Rules of Civil Procedure and, in the alternative, deeming Plaintiffs' expert reports, served on December 15, 2023, timely in the context of § 28-01-46. This motion is supported by the below memorandum of points and authorities, the Declaration of Jeff Dominic Price ("JDP Decl."), attached, and on any further evidence and argument submitted in connection with this motion.

DATED: January 23, 2024

By

Jeff Dominic Price, JDP PC

Jeff Dominic Price, Esq.
Attorney for the Plaintiffs

## Memorandum of Points and Authorities

### I. Facts

This is a federal question case filed pursuant to 42 U.S.C. § 1983 with related state law claims filed under the Court's pendent jurisdiction pursuant to 28 U.S.C. § 1367. This motion pertains to the state law claims to the extent they are construed as medical malpractice claims. This case was filed on December 02, 2022. ECF No. 1. On February 22, 2023, the Court entered a Scheduling Order. ECF No. 35. The Court ordered Plaintiffs to complete and serve expert reports by December 15, 2023. The Court ordered the defendants to complete and serve expert reports by February 1, 2024, and ordered that any rebuttal expert reports be completed and served by February 15, 2024. ECF No. 35. In setting the deadline for plaintiff to "complete and serve expert reports" the Court did not refer to Fed. R. Civ. P. 26. Plaintiff timely served expert disclosures and reports on December 15, 2023. JDP Decl. ¶ 1.

### II. Argument

**A.    North Dakota Century Code § 28-01-46 is preempted by the Federal Rules of Civil Procedure, and specifically, Fed. R. Civ. P. 26(a)(2)**

N.D.C.C. § 28-01-46 states:

Any action for injury or death alleging professional negligence by a physician, nurse, hospital, or nursing, basic, or assisted living facility licensed by this state or by any other

health care organization, including an ambulatory surgery center or group of physicians operating a clinic or outpatient care facility, must be dismissed without prejudice on motion unless the plaintiff serves upon the defendant an affidavit containing an admissible expert opinion to support a prima facie case of professional negligence within three months of the commencement of the action. The court may set a later date for serving the affidavit for good cause shown by the plaintiff if the plaintiff's request for an extension of time is made before the expiration of the three-month period following commencement of the action. The expert's affidavit must identify the name and business address of the expert, indicate the expert's field of expertise, and contain a brief summary of the basis for the expert's opinion. This section does not apply to unintentional failure to remove a foreign substance from within the body of a patient, or performance of a medical procedure upon the wrong patient, organ, limb, or other part of the patient's body, or other obvious occurrence.

N.D.C.C. § 28-01-46 "is designed simply to minimize frivolous claims against physicians, nurses, and hospitals." *Heimer v. Privratsky*, 434 N.W.2d 357, 359 (N.D. 1989). Section 28-01-46 is a procedural rule, not a substantive rule. It is not a statute of limitations, which have been considered "substantive." *See Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99 (1945). In *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), the Supreme Court stated that Congress authorized the Court to promulgate rules of procedure "with the limitation that those rules 'shall not abridge, enlarge or modify any substantive right" and that "[w]e have long held that this limitation means that the Rule must 'really regulat[e] procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard of infraction of them. . . . What matters is what the rule itself regulates: If it governs only 'the manner and the means' by which the litigants' rights are 'enforced,' it is valid; if it alters 'the rules of decision by which [the] court will adjudicate [those] rights,' it is not." *Id.* at 407 (citations omitted). The Court further held that: "We have held since *Sibbach*, and reaffirmed repeatedly, that the validity of a Federal Rule depends entirely upon whether it regulates procedure. If it does, it is authorized by § 2072 and is valid in all jurisdictions, with respect to all claims, regardless of its incidental effect upon state-created rights." *Id.* at 410.

N.D.C.C. § 28-01-46 is a procedural rule that directly collides with Federal Rules of Civil Procedure Rules 1, 11 and 26(a)(2); thus, Rules 1, 11, and 26 preempt North Dakota's three-month statutory requirement to disclose expert affidavits. FRCP 1 provides that the federal rules should be employed "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 11 prohibits the filing and maintenance of frivolous actions. Under Rule 11 the

Court can dismiss a frivolous action. Rule 26(a)(2)(D) controls the deadlines for expert testimony disclosures. FRCP 26(a)(2)(D) provides disclosure of expert testimony must be at the times and in the sequence that the court orders. "If a state statute directly collides with a federal procedural rule, the federal rule governs in a diversity case unless the federal rule violates the Constitution or the Rules Enabling Act. *Burlington N.R.R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987)." *Pyle v. A.H. Bennett Co.,* No. 3:21-CV-159, 2023 WL 6887212 *28 (D.N.D. Oct. 19, 2023); *see also First International Bank & Trust v. Oasis Petroleum North America LLC*, 587 F.Supp.3d 896 (D.N.D., 2020).

In this case, the parties submitted a joint scheduling report pursuant to the Court's Order dated January 18, 2023. ECF No, 29. Defendants did not raise the issue of N.D.C.C. § 28-01-46. On February 22, 2023, less than three months after this action was filed, the Court held a scheduling conference pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure and set the deadline for the disclosure of expert reports. ECF No. 35. Plaintiff timely served expert reports on December 15, 2023. JDP Decl. ¶ 1. Because the three month deadline for the disclosure of expert reports set forth in N.D.C.C. § 28-01-46 conflicts with Rule 26, N.D.C.C. § 28-01-46 is preempted by the Federal Rules of Civil Procedure in this case.

**B.    The Plaintiffs' expert reports were timely**

In 2009 the North Dakota Legislative Assembly amended Section 28-01-46 to include, "[t]he court may set a later date for serving the affidavit for good cause shown by the plaintiff if the plaintiff's request for an extension of time is made before the expiration of the three-month period following commencement of the action." N.D.C.C. § 28-01-46 (2009).

In this case, less than three months after this action was commenced, Plaintiff proposed September 1, 2023, as the deadline for exchanging expert reports. ECF No. 35 p. 6 of 11. Defendants proposed a deadline of September 1, 2023, for Plaintiffs to disclose expert witness reports. *Id.* On February 22, 2023, less than three months after this action was filed, the Court set the deadline for Plaintiff to disclose all expert reports by December 15, 2023. Plaintiff timely served expert reports on December 15, 2023. JDP Decl. ¶ 1. Thus, Plaintiffs' expert reports were timely and no part of this action is subject to dismissal under N.D.C.C. § 28-01-46.

Conclusion

3    Motion to deem N.D.C.C. § 28-01-46 preempted by federal law or to deem
     expert reports timely under N.D.C.C. § 28-01-46

For the foregoing reasons, the Court should deem North Dakota Century Code 28-01-46 preempted by the Federal Rules of Civil Procedure, including Rules 1, 11, 16 and 26. Alternatively, the Court should deem Plaintiffs' service of admissible expert opinion timely under Section 28-01-46.

DATED: January 23, 2024            Jeff Dominic Price, JDP PC
By _____
Jeff Dominic Price, Esq.
Attorney for the Plaintiffs

### Declaration of Jeff Dominic Price

I, Jeff Dominic Price, state:

0. I am the attorney for the plaintiffs and can testify to the following of my own personal knowledge.

1. I served Plaintiffs' disclosure of expert witnesses, including four reports of expert witnesses, several of which addressed the state law medical malpractice claim in this case, on all defendants, through their counsel, December 15, 2023.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Santa Monica, California, on January  23 , 2024

           /s/ Jeff Dominic Price
           Jeff Dominic Price

## Certificate of Service

I, Jeff Price, declare that I am employed in the county of Los Angeles, State of California, I am over the age of 18 and not a party to the within action. My business address is 730 Arizona Avenue, Santa Monica, California 90401.

On January  23 , 2024, I caused to be served the foregoing documents, described as MOTION TO DEEM NDCC § 28-01-46 PREEMPTED BY FEDERAL LAW OR TO DEEM PLAINTIFFS' EXPERT REPORTS TIMELY [*Estate of Laducer et al. v. Essentia Health et al.*, 3:22-cv-00208-PDW-ARS] on counsel for the interested parties in this action:

☒ by transmitting a true copy thereof/placing a true copy thereof enclosed in a sealed envelope addressed to:

*See* Attachment

☐ by mail as follows: Pursuant to the business practice at my place of business, under which correspondence so collected and processed is deposited with the United States Postal Service that same day with postage fully prepaid at Santa Monica, California in the ordinary course of business.

☒ by FRCP 5(b)(2)(E) electronic service by consent on January 23 , 2024: I caused to be delivered such document by email to the following parties: See Attachment.

Executed on January  23 , 2024, at Santa Monica, California.

☒ I declare under penalty of perjury that the foregoing is true and correct.

                                        /s/ Jeff Dominic Price
                                        J. PRICE

**Attachment**

| ANGELA E. LORD<br>BRIANA L. RUMMEL<br>Vogel Law Firm<br>218 N. P Avenue<br>Fargo, ND 58107<br>alord@vogellaw.com | PETER W. ZUGER, ESQ.<br>Serkland Law Firm<br>10 Roberts Street North<br>Fargo, ND 58108-6017<br>pzuger@serklandlaw.com | BRADLEY N. WIEDERHOLT<br>GRANT T. BAKKE<br>Bakke Grinolds Wiederholt<br>300 West Century Ave.<br>Bismark, ND 58502-4247<br>bwiederholt@bgwattorneys.com |

Attorneys for Defendants

5   Motion to deem N.D.C.C. § 28-01-46 preempted by federal law or to deem
     expert reports timely under N.D.C.C. § 28-01-46