IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Estate of Luke M. Laducer, et al., | ) | |
| Plaintiffs, | ) ) ) | Case No. 3:22-cv-208 |
| vs. | ) ) ) | **ORDER** |
| Cass County, et al., | ) ) ) | |
| Defendants. | ) | |

Defendants Cass County, Cass County Sheriff Jesse Jahner, Captain Andrew Frobig, and Conrad Binsfeld, RN (collectively, county defendants) move for leave to file under seal Exhibits C, S, V, and NN to the affidavit of Bradley N. Wiederholt in support of their motion for summary judgment. (Doc. 128). Exhibit C is a timeline that includes Luke Laducer's health information, Exhibit S is an expert report plaintiffs designated as confidential, Exhibit V includes Laducer's medical records, and Exhibit NN is a video that county defendants assert shows life-saving efforts to resuscitate Laducer at a jail.

The Eighth Circuit described standards for sealing documents filed with the court:

> Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute. The primary rationales for this right are the public's confidence in, and the accountability of, the judiciary. Whether the common-law presumption can be overcome is determined by balancing the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed. In order to adjudicate the issue, a court must first decide if the documents in question are judicial records, and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access that would otherwise apply to such records. The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so.

Flynt v. Lombardi, 885 F.3d 508, 511 (8th Cir. 2018) (internal citations and quotations omitted); see also In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig., 9 F.4th 768, 791 (8th Cir. 2021). "Where the public's interest in access to judicial records is strong, such as documents filed with dispositive motions, the presumption of access is difficult to overcome." Marden's Ark, Inc., v. UnitedHealth Grp., No. 19-cv-1653, 2021 WL 1846803, at *5 (D. Minn. Apr. 15, 2021).

A party's designation of documents as confidential alone does not overcome the presumption of public access. As stated in the Protective Order, "If a party seeks to file documents designated as "Confidential," the party must first file a motion for leave to file under seal, accompanied by a memorandum in support, setting forth the legal basis for sealing the documents, in accordance with the Administrative Policy Governing Electronic Filing and Service." (Doc. 51, p. 5).

County defendants have established sufficient reason to seal Exhibits C, V, and NN since they assert those exhibits include protected health information. County defendants have not established sufficient reason for sealing Exhibit S—the expert report plaintiffs designated as confidential. County defendants' motion for leave to file under seal is **GRANTED IN PART** and **HELD IN ABEYANCE IN PART**. County defendants are directed to file under seal Exhibits C, V, and NN.

Since plaintiffs designated the expert report as confidential, plaintiffs are directed to respond to the motion for leave to file that exhibit under seal by **June 15, 2024**. Plaintiffs must describe a satisfactory basis for denial of public access to that document. If only portions of the expert report include sensitive information, plaintiffs must submit proposed redactions. The proposed redactions must be highlighted or otherwise identified in a manner that enables the court and the county defendants to easily review

the proposed redactions Plaintiffs are to file their response and any proposed redactions as a <u>sealed document</u>. If plaintiffs have any filing questions, they should contact the Clerk's Office at 701-297-7000.

**IT IS SO ORDERED**.

Dated this 3rd day of June, 2024.

/s/ *Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge